**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

**INNOCENT MACHIE OGBO**                    **CIVIL ACTION**

**VERSUS**                                          **NUMBER 07-486-FJP-DLD**

**MICHAEL J. ASTRUE, Commissioner**
**of Social Security**

## MAGISTRATE JUDGE'S REPORT

Claimant Innocent Machie Obgo brings this action pursuant to Section 205(g) of the Social Security Act, 42 U.S.C. 405(g), seeking judicial review of a final decision of the Commissioner denying his claim for disability insurance benefits.

***Procedural History***

Claimant filed his application for DIB on September 2, 2004, alleging an onset of disability as of July 27, 2004, due to a leg fracture. The claim was denied initially on December 2, 2004.  Following claimant's timely request, a hearing was held on April 14, 2006, but the claimant did not appear for the hearing.  The ALJ then dismissed the request for hearing on May 16, 2006, having found no good cause for the non-appearance.  The claimant timely filed a request for review with the Appeals Council; and on August 18, 2006, the dismissal was vacated, and a new hearing was held on January 19, 2007. On February, 23, 2007, the ALJ issued an unfavorable decision, concluding that the claimant was not disabled. On June 1, 2007, the Appeals Council denied claimant's request for review, thereby rendering the ALJ's unfavorable decision the final decision of the Commissioner. (TR 5) Claimant then brought this timely appeal pursuant to 42 U.S.C. § 405(g).

## Background

On July 27, 2004, claimant fell from a ladder and sustained an open fracture of his left distal tibia-fibula.  He underwent surgery for this injury with a bone graft to the tibial shaft, and an external fixator was applied to the left leg.  He began outpatient hyperbaric oxygen therapy upon his discharge on August 3, 2004. An x-ray taken on July 31, 2004 indicated: "fixating comminuted fracture of the distal shaft of the tibia in good alignment and comminuted fracture of the distal shaft of the fibula in good alignment. " (TR 148) The claimant was offered compression to control the edema of the left lower extremity and improve the outcome of his healing, but the claimant refused, stating that he was elevating his leg and did not need compression.  (TR 167, 170, 176, 181) Claimant also refused to go to the wound care clinic, preferring to treat "at home."  (TR 179).

On November 11, 2004, claimant's physical residual functional capacity assessment[1] ("RFC") revealed the following exertional limitations: 1) occasionally lift or carry 20 pounds; 2) frequently lift or carry 10 pounds; 3) stand and/or walk about 6 hours in an 8-hour workday; 4) sit (with normal breaks) about 6 hours in an 8-hour workday; and 5) push and/or pull - unlimited.  The postural limitations of the RFC revealed that claimant could occasionally climb ramps/stairs and ladders/ropes/scaffolds, and balance, stoop, kneel. There were no other limitations placed upon claimant.  (TR 191-198)

 Subsequently, at the hearing held on January 19, 2007, the claimant presented a memorandum enclosing "evidence and documents" indicating that his "mental anguish and

---

[1]Residual functional capacity ("RFC") is an assessment by a state agency medical consultant of an individual's ability to do sustained work-related physical and mental activities in a work setting on a regular and continuing basis, i.e., 8 hours a day, for 5 days a week, or an equivalent work schedule.  *Myers v. Apfel*, 238 F.3d 617, 620 (5th Cir. 2001), citing SSR 96-8p.

physical disability" has lasted more than 12 months and that he could not work as a delivery driver because of his left leg fracture and inability to "walk properly" any more.[2]  Claimant states he has been diagnosed with degenerative changes of the cervical spine, lower back pain, high blood pressure, bad eyesight," cervical spine sprain, lumbosacral spine, thoracic spine, left shoulder sprain, left ankle sprain, and contusion and sprain of the left leg and ankle." (TR 223-224)

### ALJ's Findings

In making the final decision that the claimant was not disabled, the Commissioner reached the fourth step of the five-step sequential disability analysis set forth in 20 C.F.R. § 404.1520(b)-(f)& § 416.920(b)-( f).[3] The Commissioner determined that the 50-year- old claimant had a severe impairment consisting of "status-post left leg compound fracture with complaints of continued residuals from this injury," but that this impairment did not prevent him from performing his past relevant work as an outside deliverer, security guard and cashier/checker.  The ALJ also noted that the claimant had been treated for back pain, received physical therapy, and continued to suffer with lower back and lower extremity pain. (TR 16) The ALJ found that the VE reviewed the file and concluded that the claimant's past relevant work consisted of the following: outside deliverer (light unskilled); security guard (light, semi-skilled); kitchen helper (medium, semi-skilled); auto supervisor/manager (light, skilled); orderly (heavy); corrections officer (medium, semi-skilled); cashier/checker (light, semi-skilled); cook's helper (medium, unskilled); and floor waxer (medium, unskilled).  (TR

---

[2]At the time of his accident, he was working as an automotive service manager and as a delivery driver for Domino's Pizza.

[3]See, *e.g.*, *Harrell v. Bowen*, 862 F.2d 471, 475 (5th Cir. 1988)

17) The ALJ's decision restricted the claimant to light work that permitted alternating between sitting and standing after one hour, all in keeping with the claimant's functional limitations, and based upon the medical evidence and hearing testimony of both the claimant and the vocational expert.

### The Issue

In general, the issue before this court is whether the ALJ's decision of February 23, 2007, is supported by substantial evidence and whether the Commissioner applied the correct legal standards.  The claimant, who is appearing pro se, filed a one page brief and complaint.  In his complaint, claimant alleges that his July 27, 2004, fall from a ladder resulted in a fracture of his left leg, and left him in a wheelchair initially.  He also alleges that x-rays revealed degenerative changes of the spine, and he was diagnosed with lower back pain, high blood pressure, TMJ, and a left ankle contusion and sprain, all of which left him disabled for more than 12 months and continuing to the present day.  He stated he cannot return to his previous job as a delivery driver because he can no longer walk properly due to the left leg fracture. In his subsequent brief of May 29, 2008,  claimant argues that the ALJ's decision was incorrect because the ALJ  failed to consider a January 30, 2008, MRI which indicated a "broad disc herniation, right foramen and laterally at L3-4." (Rec. doc. 8).  Claimant argues that this "long history of lower back pain" is still causing him pain.

### Standard of Review

In reviewing the Commissioner's decision to deny benefits, the Court is limited to a determination of whether the Commissioner's decision was supported by substantial evidence existing in the record as a whole and whether the Commissioner applied the

proper legal standards.  E.g., *Harrell v. Bowen*, 862 F.2d 471, 475 (5th Cir. 1988).  In applying the "substantial evidence" standard, the Court must carefully scrutinize the record to determine if, in fact, substantial evidence supporting the decision does exist, but the Court may not reweigh the evidence in the record, nor try the issues *de novo*, nor substitute its judgment for the Commissioner's even if the evidence preponderates against the Commissioner's decision.  *Id.*  Substantial evidence means more than a scintilla, but less than a preponderance, and is such relevant evidence as a reasonable mind might accept to support a conclusion.  *Id.*  A finding of "no substantial evidence" will be made only where there is a conspicuous absence of credible choices or an absence of medical evidence contrary to the claimant's position.  *Id.*

The overall burden of proving disability under the Social Security Act rests on the claimant.  *Jones v. Heckler*, 702 F.2d 616, 620 (5th Cir. 1983).  If the claimant proves that he no longer is able to work in his past relevant work, then and only then does the burden shift to the Commissioner to establish that the claimant nonetheless has the ability to engage in other substantial gainful activity.  E.g., *Rivers v. Schweiker*, 684 F.2d 1144, 1155-1156 & n.14 (5th Cir. 1982).  Thus, in cases such as this one where the Commissioner determines that the claimant is capable of performing his past relevant work and accordingly reaches only the fourth step of the five-step disability sequential analysis, the burden of persuasion remains with the claimant to show an inability to return to his past relevant work.

## Analysis

The first issue to address is whether the Commissioner's decision is supported by substantial evidence.  Claimant basically argues that he presented evidence of his disability

-5-

and great pain, and that the Commissioner was wrong when he decided otherwise.  In addressing claimant's evidence of disability, the ALJ considered the medical evidence, objective test results, and the claimant's RFC in making the determination that, although the claimant was impaired, his impairment did not prevent him from being able to do some of his past work. For example,  the ALJ noted that, following the July 2004 accident, an August 31, 2004, x-ray of claimant's leg showed fairly good alignment of the fractured leg. The records indicate that there was swelling in the leg, and the ALJ's decision reflects that the claimant was advised to continue with compression for the swelling, but he refused the treatment.  The ALJ further stated that, by October 15, 2004, the alignment of the fractured leg was satisfactory,  and the claimant was prescribed a cam walker (boot).  However, the ALJ's decision notes that the claimant refused to wear the boot. (TR 16)  On November 23, 2004, the state agency found that claimant's RFC would allow claimant to perform a range of light work within twelve months of his July 2004 accident.  Further, the ALJ noted that although the claimant was involved in a motor vehicle accident in May 2005, the claimant received physical therapy for his back pain and spasms through December 2005.  The record reflects and the ALJ's decision concurs, that as of December 2005, the claimant had occasional, moderate pain with spasms, but noted improvement since May 2005.  In September 2006, the claimant was involved in another automobile accident, this time suffering an ankle joint injury.  According to the ALJ's decision and the administrative record, the claimant was advised to see an orthopedic surgeon for this injury, but there are no records in the file to indicate that the claimant did so.   Also, the ALJ's decision reflects that he took into consideration claimant's testimony at the hearing wherein the claimant stated that he walks with a cane with discomfort, could walk 20 feet at a time, stand for

about an hour, sit for about 15 minutes, and could lift 20 pounds with discomfort.  The claimant also testified that he had no mental conditions, and he could do some housework, laundry and shopping, and went to church each week.  Thus, in determining that the claimant retained the capacity for light work, the ALJ considered the claimant's own testimony, and the ALJ specified that the light work included the limitation of claimant's being able to alternate sitting and standing.  In making this determination, the ALJ found that some of claimant's past relevant work fit this criteria.

Thus, while the ALJ found that claimant had a severe impairment, the functional limitations resulting from that impairment did not last, or could not be expected to last for twelve consecutive months as required by the Regulations. *Barnhart v. Walton*, 535 U.S. 212, 214-25 (2002); 20 C.F.R. § 404.1509.  In order for the court to return  a finding of no substantial evidence, there must be a conspicuous absence of "credible choices or no contrary medical evidence."  *Dellolio v. Heckler*,705 F.2d 123, 125 (5th Cir. 1983).  Here, the medical evidence and claimant's testimony as to the extent and duration of claimant's impairment support the ALJ's decision that the impairment, while severe, was not expected to last for more than twelve months, and that given his RFC, he could perform some of his past relevant work.

The claimant also complains that the ALJ did not consider his great pain.  Allegations of pain must be corroborated by objective medical evidence. *Wren v. Sullivan*, 925 F.2d 123, 128 (5th Cir. 1991); *Houston v. Sullivan*, 895 F.2d 1012, 1016 (5th Cir. 1989).  In judging a claimant's credibility, the ALJ can consider such things as medical reports, the claimant's daily activities, and the medications the claimant is taking.  *Griego v. Sullivan*, 940 F.2d 942, 945 (5th Cir. 1991).  "The ALJ must weight the objective medical

evidence and assign articulated reasons for discrediting the claimant's subjective complaints." *Pineda v. Astrue*, Slip Copy, 2008 WL 3341022 (C.A. 5. (Tex.)); *Falco v. Shalala*, 27 F.3d 160, 163. (5th Cir. 1994)

In this case, the medical evidence did not indicate a basis for the magnitude of the pain alleged by the claimant.  The ALJ's decision acknowledged that claimant had a severe impairment related to the left leg compound fracture, but noted that claimant had shown improvement in this impairment, as well as improvement for the May 2005 back pain he suffered in a car accident, which was subsequent to the July 2004 fall from a ladder which precipitated his filing for benefits.  The ALJ detailed the evidence he considered, and specified the relevant factors as outlined in the case law and regulations which he used to assess the credibility of the claimant's statements.  For example, the ALJ noted that the medical evidence indicated that, although compression was offered for the pain and swelling of claimant's leg, claimant refused the treatment.  The ALJ further noted that the claimant's leg had healed well enough within a few months of the accident so that he could wear a walking boot, but he refused that treatment, too.  The ALJ also stated that when claimant was advised to see an orthopedic surgeon for his ankle injury, claimant refused once again to seek treatment. Thus, the ALJ properly evaluated the intensity and persistence of claimant's alleged symptoms, including his subjective complaints of pain, and considered the medical evidence when he accorded limited weight to claimant's complaints of disabling pain, and succinctly articulated his reasons for doing so.  Also, in the absence of uncontroverted medical evidence which shows a basis for a claimant's pain, the ALJ's "evaluation of the credibility of subjective complaints is entitled to judicial

deference if supported by substantial record evidence." *James v. Bowen*, 793 F.2d 702, 706 (5th Cir.1986).

The claimant next argues that the "administrative decision failed to see" that the claimant suffered from a broad disc herniation at L3-4, and attached a January 30, 2008 MRI report to his May 29, 2008, brief in support of his claim. (rec. doc. 8)   The time period covered by the ALJ's decision was July 27, 2004, through February 23, 2007. The ALJ properly considered the evidence that was in front of him at the time of the hearing, a hearing which occurred almost one year before the MRI containing information relating to a broad disc herniation was taken.  This MRI is therefore new evidence.  The court cannot consider new evidence for the first time on review.  *Rains v. Secretary of Health & Human Services*, 731 F. Supp. 778, 780 (E.D. Tex. 1989) A review of new evidence is limited to determining whether to remand the case to the Commissioner for consideration of newly presented evidence.  *Haywood v. Sullivan*, 888 F.2d 1463, 1471 (5th Cir. 1989); *Nickerson v. Secretary of Health and Human Services,* 894 F.Supp. 279, 284 (E.D. Tex. 1995). Remand is appropriate upon a showing that the new evidence is material, and good cause exists for the failure to incorporate the evidence into the record in the prior proceedings. Thus, the issue now before the court is whether this matter should be remanded to the Commissioner in order to examine this new evidence.

The first obstacle to be addressed regarding the new evidence presented by the claimant is whether the new evidence is material to his claims.  The new evidence would be material if it relates to the relevant time period (July 27, 2004 through February 23, 2007), or if there is a reasonable possibility the outcome would have been different for the claimant because of this new evidence.  *Latham v. Shalala*, 36 F.3d 482, 483 (5th Cir.

1994); *Haywood*, 888 F.2d at 1471. The MRI in question was taken of claimant's lumbar spine in January 2008, and claimant has not shown how this MRI relates back to the relevant time period.  Nevertheless, the court notes that the ALJ acknowledged that the claimant suffered from lower back pain in his decision. (TR 16)   The ALJ also noted that the claimant reported improvement in his back pain following a course of physical therapy, but that he continued to suffer with lower back pain. Also, in finding that claimant could perform light work, the ALJ limited the light work to positions which allowed claimant to alternate between sitting and standing, a limitation which clearly took into account claimant's complaints of lower back pain.  Thus, even if the broad disc herniation existed at the time of the hearing, the claimant's complaints of lower back pain were considered by the ALJ when he further restricted the claimant's RFC based on the claimant's hearing testimony. Thus, having fully considered the claimant's actual physical limitations at the time of hearing, there is no reasonable possibility  that this new MRI would have changed the outcome of the Commissioner's final decision.

On the other hand, if the broad disc herniation is a new condition that arose after the hearing, or if it is a condition that worsened after the hearing, it is a condition that is outside the relevant time period and therefore not material to the decision under review by this court.  In that event, if the claimant feels this new condition, either alone or in combination with his existing impairments, has rendered him disabled, the claimant would have to file a new claim for benefits with a new onset date.  Moreover, there were no  objective medical tests reflecting that the claimant had a broad disc herniation at the time of the decision, nor is there any evidence that the MRI results of January 2008 existed at the time of the hearing.  There is therefore no basis for remand for consideration of this evidence, and the

court finds that  the ALJ's decision that the claimant is not disabled  is supported by substantial evidence, and that the Commissioner applied the proper legal standard in reaching this conclusion.

### RECOMMENDATION

Accordingly, for the foregoing reasons, it is the recommendation of the Magistrate that the decision of the Commissioner denying benefits be **AFFIRMED**, and that the claimant's complaint be **DISMISSED.**

Signed in Baton Rouge, Louisiana, on September 26, 2008.

**MAGISTRATE JUDGE DOCIA L. DALBY**

# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

**INNOCENT MACHIE OGBO**                    **CIVIL ACTION**

**VERSUS**                                  **NUMBER 07-486-FJP-DLD**

**MICHAEL J. ASTRUE,Commissioner of**
**Social Security**

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U.S. District Court.

In accordance with 28 U.S.C. §636(b)(1), you have ten days from date of receipt of this notice to file written objections to the proposed findings of fact and conclusions of law set forth in the Magistrate Judge's Report.  A failure to object will constitute a waiver of your right to attack the factual findings on appeal.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in Baton Rouge, Louisiana, on September 26, 2008

_____

**MAGISTRATE JUDGE DOCIA L. DALBY**